Lisa C. Wood, Esq.
Gregory Dennison, Esq.
**SAIBER LLC**
18 Columbia Turnpike, Suite 200
Florham Park, New Jersey 07932
(973) 622-3333
Attorneys for Plaintiff
National Union Fire Insurance Company
of Pittsburgh, Pa.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.,<br><br>plaintiff,<br>v.<br><br>SOMERSET COUNTY JOINT INSURANCE FUND, MARKEL INSURANCE COMPANY<br><br>defendants. | Civil Action No.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union"), for its complaint against defendants the Somerset County Joint Insurance Fund ("JIF") and nominal party Markel Insurance Company ("Markel"), alleges, upon information and belief, as follows:

**INTRODUCTION**

1. This is a declaratory judgment action pursuant to 28 U.S.C. § 2201 *et seq.* to settle questions concerning the rights and obligations of the parties to a justiciable controversy regarding the coverage afforded under a commercial auto policy issued by the JIF (the "JIF Auto Policy") to the Borough of South Plainfield (the "Borough") on the one hand, and a business auto policy and an excess liability policy issued by National Union (the "National Union Auto Policy" and the "National Union Excess Policy," respectively) on the other, to the South Plainfield Rescue Squad, Inc. (the "Rescue Squad") in connection with

claims asserted in an underlying bodily injury lawsuit pending in the Superior Court of New Jersey, Middlesex County, captioned *Joseph and Camille Giovannone v. Borough of South Plainfield, et al.*, No. L-001289-22 (the "Underlying Action") involving an ambulance owned by the Borough and borrowed by the Rescue Squad.

2. National Union seeks a declaration that the JIF Auto Policy provides auto liability insurance or the functional equivalent of insurance to the Rescue Squad and Alyssa L. Moffitt, the driver and permissive user of the subject ambulance ("Moffitt"), in connection with the Underlying Action, that is primary and non-contributory to the National Union Auto Policy and the National Union Excess Policy. Alternatively, National Union seeks a declaration that the JIF Auto Policy and the National Union Auto Policy afford auto liability coverage to the Rescue Squad and Moffitt as co-insurers in proportion to their respective limits and primary to the excess insurance afforded under the National Union Excess Policy. In addition, National Union seeks reimbursement for fees and costs it has incurred in connection with the defense of the Rescue Squad in accordance with the JIF's defense or co-defense obligation under the JIF Auto Policy.

**PARTIES**

3. National Union is an insurance company organized under the laws of the Commonwealth of Pennsylvania, and has its primary place of business in New York, New York.

4. Upon information and belief, the JIF is a joint insurance fund organized under the laws of the State of New Jersey, located in Somerset County, New Jersey, and regulated and monitored by the New Jersey Department of Banking and Insurance and the Department of Community Affairs, which provides insurance and risk management alternatives to its members including the Borough pursuant to New Jersey's Joint Insurance Fund Statute, N.J.S.40A:10-36 *et seq*.

5. Upon information and belief, Markel is an insurance company organized under the laws of the Commonwealth of Virginia and has its primary place of business in Glen Allen, Virginia.

6. National Union does not seek relief against Markel, but rather names it as a potentially interested party because this action could affect its interests and obligations.

## JURISDICTION AND VENUE

7. Subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between plaintiff on the one hand, and defendants on the other hand; and the matter in controversy exceeds $75,000, exclusive of interests and costs

8. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391(b)(1).

## BACKGROUND

9. The Underlying Plaintiffs seek damages for bodily injuries allegedly sustained by Joseph Giovannone in an accident on January 7, 2022, while Mr. Giovannone was a passenger in an ambulance operated by Moffitt on Parsonage Road in Edison, New Jersey. [**Exhibit A**]

10. The Underlying Plaintiffs allege that Moffitt operated the subject ambulance in a negligent matter as the servant, direct or statutory employee, volunteer, or transporter of the Borough and the Rescue Squad.

11. The Underlying Plaintiffs further allege that the Borough and the Rescue Squad were negligent in training, hiring, supervising, and/or retaining Moffitt to operate the subject ambulance to transport Mr. Giovannone.

12. At all relevant times, the Borough owned the subject ambulance and insured it through the JIF Auto Policy (commercial auto liability policy No. SCJIF2022) with a $5

million each accident limit of liability. [**Exhibit B**].

13. At all relevant times, the JIF Auto Policy was reinsured under a Casualty Excess Reinsurance Agreement ("Reinsurance Agreement") with Munich Reinsurance America, Inc. ("Munich Re") for $4,750,000 in Ultimate Net Loss paid by the Fund in excess of a $250,000 retained limit for a Loss Occurrence. The Reinsurance Agreement defines Loss Occurrence to mean "the sum of all damages paid by each Member during each Coverage Document Period."

14. The JIF Auto Policy provides the following in SECTION III - LIABILITY COVERAGE for the Borough's owned autos, including the subject ambulance:

> A. Coverage
>
> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto". [ . . . ]
>
> We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost to expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.
>
> 1. Who is an Insured
>
> The following are "insureds":
>
> a. You for any covered "auto."
> b. Anyone else while using with your permission a covered "auto" you own, hire, or borrow.
> c. Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

15. At all relevant times, Moffit and the Rescue Squad qualified as insureds under the JIF Auto Policy pursuant to paragraph A.1.b. of SECTION III - LIABILITY

COVERAGE, because they were permissive users of the Borough's ambulance that was borrowed by the Rescue Squad.

16. At all relevant times, the Rescue Squad also qualified as an insured under the JIF Auto Policy pursuant to paragraph A.1.c. of SECTION III - LIABILITY COVERAGE, to the extent of its alleged liability for Moffitt.

17. By letter dated September 1, 2022, Guardian PECS, as the third-party administrator for the JIF and the Borough, acknowledged that the JIF was obligated to defend and indemnify Moffitt as a permissive user of the Borough's ambulance with respect to the allegations in the Underlying Action and appointed defense counsel to jointly represent Moffitt and the Borough. Guardian PECS further advised that the JIF Auto Policy was subject to a $250,000 self-insured retention and Munich Re was the "excess liability carrier" for coverage afforded under the JIF Auto Policy. [**Exhibit C**].

18. The JIF Auto Policy provides that its coverage is primary for all autos the Borough owns based upon the Other Insurance condition and provides that the JIF Coverage Form will share with any other Coverage Form or Policy that shares on the same basis:

**4. Other Insurance**

a. For any covered "auto" you own, this Coverage Form provides primary insurance. For any covered "auto" you don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance. However, while a covered "auto" which is a "trailer" is connected to another vehicle, the Liability Coverage this Coverage Form provides for the "trailer" is:
(1) Excess while it is connected to a motor vehicle you do not own.
(2) Primary while it is connected to a covered "auto" you own.

b. For Hired Auto Physical Damage Coverage [ . . . ]

c. Regardless of the provisions of Paragraph a. above, this Coverage Form's Liability Coverage is primary for any liability assumed under an "insured contract".

d. When this Coverage Form and any other Coverage Form or policy covers on the same basis, either excess of primary, we will pay

> only our share. Our share is the Proportion that the Limit of Insurance of our Coverage Form bears to the total of the limits of all the Coverage Forms and policies covering on the same basis.

19. Based on the Other Insurance Clause, the JIF Auto Policy only applies as excess over other auto liability insurance for autos that the Borough does not own.

20. Based on the Other Insurance Clause, the JIF Auto Policy agrees to pay damages in proportion to the limits afforded under any other Coverage Form or policy that covers on the same basis with respect to the Borough's covered ambulance.

21 At all relevant times, the Borough was insured for excess umbrella liability under policy No. 1650026 issued by Markel Insurance Company (the "Markel Umbrella Policy"), subject to a $5 million each occurrence limit in excess of the $5 million JIF Auto Policy limit.

22. The Markel Umbrella Policy insures for sums in excess of the limits shown in the Schedule of Underlying Insurance, including the $5 million limit afforded under the JIF Auto Policy, that "you," defined to include any other person or organization qualifying as an insured under the underlying insurance, become legally obligated to pay as covered damages. [**Exhibit D**].

23. The Rescue Squad and Moffitt qualify as insureds under paragraph A.1.b. and A.1.c. of the Who is an Insured provision of the JIF Auto Policy and are therefore Insureds under the Markel Umbrella Policy for liability in excess of the JIF Auto Policy.

24. The Markel Umbrella Policy includes the following Other Insurance condition in SECTION IV. CONDITIONS:

> 3. Other Insurance
>
> This insurance is excess over any other valid and collectible insurance whether primary, excess, contingent or any other basis, except other insurance written specifically to be excess over this insurance.

25. At all relevant times, the National Union Auto Policy provided business auto liability coverage to the Rescue Squad for covered "autos," including autos that the Rescue Squad leases, hires, or borrows, under the National Union Auto Policy (Business Auto Policy No. VFNU-CM-0009601-01/000"), subject to a $1 million each accident limit of liability. [**Exhibit E**].

26. SECTION II - COVERED AUTOS LIABILITY COVERAGE of the National Union Auto Policy provides the following insuring agreement:

> A. Coverage
>
> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto". We will also pay all sums an "insured" legally must pay as a "covered pollution cost or expense" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of covered "autos". However, we will only pay for the "covered pollution cost or expense" if there is either "bodily injury" or "property damage" to which this insurance applies that is caused by the same "accident". We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". [ . . . ]
>
> 1. Who Is An Insured
>
> The following are "insureds":
> a. You for any covered "auto".
> b. Anyone else while using with your permission a covered "auto" you own, hire or borrow except:
> (1) The owner or anyone else from whom you hire or borrow a covered "auto". [ .. . .]
> c. Anyone liable for the conduct of an "insured" described above but only to the extent of that liability. [ . . . ]

27. The National Union Auto Policy provides the following Other Insurance condition in SECTION IV- BUSINESS AUTO CONDITIONS:

> 5. Other Insurance
>
> a. For any covered "auto" you own, this Coverage Form provides primary insurance. For any covered "auto" you

don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance. [. . . ]

d. When this Coverage Form and any other Coverage Form or policy covers on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the Limit of Insurance of our Coverage Form bears to the total of the limits of all the Coverage Forms and policies covering on the same basis.

28. Pursuant to the Other Insurance condition, the National Union Auto Policy is excess of other insurance for autos that the Rescue Squad does not own, which includes the subject ambulance, and otherwise shares in proportion to limits when any other Coverage Form or policy covers on the same basis.

29. National Union also issued the National Union Excess Policy (Commercial Excess Liability Policy No. VFNY-TR-0009602-01/000) to the Rescue Squad, subject to a $3 million each occurrence limit of liability. [**Exhibit F**].

30. The National Union Excess Policy provides coverage for Ultimate Net Loss on an excess basis for bodily injury that is subject to an applicable retained limit in the controlling underlying insurance, including the business auto liability insured under the National Union Auto Policy.

31. The National Union Excess Policy provides the following Other Insurance condition in SECTION III - CONDITIONS:

8. Other Insurance

**a.** This insurance is excess over and shall not contribute with any of the other insurance, whether primary, excess, contingent or on any other basis. This condition will not apply to insurance specifically written as excess over this Coverage Part. When this insurance is excess, if no other insurer defends, we may undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

**b.** When this insurance is excess over other insurance, we will pay only our share of the "ultimate net loss" that exceeds the

sum of:

**(1)** The total amount that all such other insurance would pay for the loss in the absence of the insurance provided under this Coverage Part; and

**(2)** The total of all deductible and self-insured amounts under all that other insurance.

32. The JIF improperly denied and continues to deny its obligation to defend and pay damages on behalf of the Rescue Squad under the JIF Auto Policy on a primary basis.

33. The JIF has improperly denied its obligation to pay damages on behalf of Moffitt under the JIF Auto Policy on a primary basis.

34. The JIF has improperly denied and continues to deny that it is obligated to pay damages on behalf of Moffitt and the Rescue Squad under the JIF Auto Policy on a primary basis to the National Union Auto Policy.

35. The JIF has improperly denied and continues to deny that it is obligated to pay damages on behalf of Moffitt and the Rescue Squad on a primary basis, which coverage must be exhausted before the true excess coverage afforded under the National Union Excess Policy may be obligated to pay damages.

36. National Union is entitled to relief from this Court that will terminate the dispute between the JIF and National Union regarding their respective obligations to defend and pay damages on behalf of Moffitt and the Rescue Squad under the JIF Auto Policy, the National Union Auto Policy, and the National Union Excess Policy and which will declare that the JIF is obligated to pay damages on behalf of Moffitt and the Rescue Squad in connection with the Underlying Action on a primary and non-contributory basis to the National Union Auto Policy and the National Union Excess Policy.

## COUNT I:
## DECLARATION OF THE RESCUE SQUAD'S INSURED STATUS UNDER THE JIF AUTO POLICY

37. National Union repeats and re-alleges the allegations set forth in paragraphs

1 through 36 as though fully set forth herein.

38. The Rescue Squad qualifies as an insured under the JIF Auto Policy as a permissive user of the covered ambulance which was owned by the Borough and allegedly involved in the accident alleged in the Underlying Action.

39. The Rescue Squad also qualifies an insured under the JIF Auto to the extent of its liability for Moffit, who qualifies as an insured under the JIF Auto Policy as the permissive user of the subject ambulance.

40. The JIF has refused and continues to refuse to acknowledge the Rescue Squad's tender of the Underlying Action for coverage under the JIF Auto Policy.

41. Accordingly, National Union is entitled to a declaration that the Rescue Squad qualifies as an insured under the JIF Auto Policy and that the JIF is obligated to defend and pay damages on behalf of the Rescue Squad in connection with the Underlying Action.

**COUNT II:**
**DECLARATION THAT THE JIF PROVIDES PRIMARY INSURANCE OR THE FUNCTIONAL EQUIVALENT FOR THE RESCUE SQUAD AND MOFFITT WITH REGARD TO THE BOROUGH'S OWNED AUTOS, INCLUDING THE AMBULANCE AT ISSUE**

42. National Union repeats and re-alleges the allegations set forth in paragraphs 1 through 41 as though fully set forth herein.

43. The JIF enabling statute provides in relevant part that the governing body of a municipality may by resolution agree to join together with any other local unit or units to establish a JIF for the purpose of insuring against liability "through self-insurance, the purchase of commercial insurance or reinsurance, or any combination thereof." N.J.S.A. 40A:10-36.

44. The JIF insures the Borough and its other members for commercial auto liability for autos including the subject ambulance under the JIF Auto Policy though a

combination of a $250,000 self-insured retention and $4,750,000 in reinsurance by Munich Re, as permitted by N.J.S.A. 40A:10-36, and not solely by self-insurance.

45. As the insurer of the Borough's motor vehicle liabilities, the JIF Auto policy qualifies as insurance or the functional equivalent of insurance insofar as the coverage afforded to the ambulance satisfies the Borough's obligations pursuant to New Jersey's compulsory auto insurance laws.

46. The JIF Auto Policy also qualifies as insurance or the functional equivalent of insurance to the extent the risk insured thereunder is reinsured by Munich Re over the self-insured retention of $250,000 pursuant to N.J.S.A. 40A:10-36.

47. The Other Insurance Condition of the JIF Auto Policy provides that the insurance provided to Moffitt and the Rescue Squad as permissive users of the ambulance owned by the Borough is primary insurance.

48. The Other Insurance condition of the National Union Auto Policy provides that the coverage afforded to the Rescue Squad for a non-owned auto borrowed from the Borough and operated by Moffitt as the permissive user of the non-owned auto borrowed by the Rescue Squad is excess to any other collectible insurance.

49. Pursuant to the National Union Auto Policy, the JIF Auto Policy qualifies as other collectible insurance for autos that the Rescue Squad does not own.

50. Since the Borough owned the ambulance and the JIF Auto Policy provides insurance or the functional equivalent of insurance, the JIF Auto Policy affords coverage to the Rescue Squad and Moffitt in connection with the Underlying Action on a primary and non-contributory basis to the coverage afforded for non-owned autos under the National Union Auto Policy.

51. National Union is entitled to a declaration that the JIF Auto Policy owes primary and non-contributory coverage to the Rescue Squad and Moffitt with regard to the

Underlying Action, and that National Union is not obligated to defend or pay damages on behalf of the Rescue Squad and Moffitt under the National Union Auto Policy absent exhaustion of the $5 million each accident limit of liability afforded under the JIF Auto Policy with respect to the Underlying Action.

**COUNT III:**
**DECLARATION, IN THE ALTERNATIVE, THAT THE JIF AUTO POLICY SHARES IN PROPORTION TO LIMITS WITH OTHER POLICY FORMS AND POLICIES INCLUDING THE NATIONAL UNION AUTO POLICY**

52. National Union repeats and realleges the allegations contained in Paragraph 1 through 51 with the same force and effect as if fully set forth herein.

53. Even if the JIF Auto Policy is determined to be self-insurance, in whole or in part, the Other Insurance clause of the JIF Auto Policy provides that the JIF Coverage Form will pay its share of damages with any other Coverage Form or policy on the same basis in proportion to the limits of insurance that the JIF Auto Coverage Form bears to the total limits of all of the Coverage Forms and policies covering on the same basis.

54. The Other Insurance clause of the National Union Auto Policy provides that the policy will pay its share of damages with any other Coverage Form or policy that covers the loss on the same basis in proportion to the limits of insurance that the National Union Auto Policy bears to the total limits of all of the Coverage Forms and policies covering on the same basis.

55. Based on the parties' respective Other Insurance clauses, the JIF Auto Policy agrees to share damages with any primary coverage afforded under the National Union Auto Policy on a 5/6 or 83.33% basis.

56. The JIF wrongfully refused and continues to refuse to contribute its $5 million limit under the JIF Auto Policy on a primary basis in proportion to the limits of the National Union Auto Policy.

57. National Union is entitled to a declaration that the JIF must pay its limits of insurance on a primary basis in proportion to any primary limits afforded to the Rescue Squad and Moffitt on a primary basis under the National Union Auto Policy.

**COUNT IV:**
**DECLARATION THAT THE NATIONAL UNION EXCESS POLICY IS EXCESS TO THE JIF AUTO POLICY**

58. National Union repeats and realleges the allegations contained in Paragraph 1 through 57 with the same force and effect as if fully set forth herein.

59. The National Union Excess Policy is a true excess policy that provides coverage for Ultimate Net Loss of liability for non-owned autos borrowed by the Rescue Squad that is excess to the primary insurance afforded under the JIF Auto Policy pursuant to the Other Insurance clause and shall not contribute with any other insurance, whether primary, excess, contingent or on any other basis.

60. The National Union Excess Policy only pays its share of Ultimate Net Loss that exceeds the sum of the total amount that other insurance would pay for the loss in the absence of the insurance provided under that Coverage Part and the total of all deductible and self-insured amounts under all such other insurance.

61. The National Union Policy applies excess of the JIF Auto Policy regardless of whether the JIF Auto Policy affords other insurance or self-insurance because the National Union Excess Policy only affords coverage for its share of Ultimate Net Loss that exceeds the total amount of such other insurance and the total of all self-insured amounts under all other insurance.

62. The JIF has wrongly asserted that the coverage afforded under the JIF Auto Policy is self-insurance that only applies after exhaustion of all other available insurance, including the coverage afforded under the National Union Excess Policy.

63. National Union is entitled to a declaration that the JIF must pay damages under the JIF Auto Policy on a primary and non-contributory basis on behalf of the Rescue Squad and Moffitt before the National Union Excess Policy is implicated regardless of whether such coverage under the JIF Auto Policy qualifies as self-insurance, insurance, or the functional equivalent of insurance in connection with the Underlying Action.

**COUNT V:**
**REIMBURSEMENT OF FEES AND COSTS**

64. National Union repeats and realleges the allegations contained in Paragraph 1 through 63 with the same force and effect as if fully set forth herein.

65. National Union has paid attorneys' fees, costs, disbursements, and other expenses in connection with the defense of the Rescue Squad in the Underlying Action.

66. The JIF has wrongfully breached its obligations to the Rescue Squad under the JIF Auto Policy to the detriment and expense of National Union.

67. National Union is entitled to reimbursement of all attorneys' fees, costs, and disbursements paid in connection with the defense of the Rescue Squad in the Underlying Action and the claims asserted therein.

**WHEREFORE**, National Union seeks judgment of the Court:

a. Declaring and adjudging that the Rescue Squad qualifies an insured under the JIF Auto Policy in connection with the Underlying Action;

b. Declaring and adjudging that National Union is entitled to a declaration that the JIF Auto Policy owes primary and non-contributory coverage to the Rescue Squad and Moffitt with regard to the Underlying Action, and that National Union is

not obligated to pay damages under the National Union Auto Policy until exhaustion of the JIF Auto Policy's $5 million limit of insurance (or the functional equivalent of insurance) afforded to the Borough for its owned autos including the subject ambulance;

c. Declaring and adjudging, in the alternative, that the JIF Auto Policy shares in proportion to the limits afforded under the National Union Auto Policy in the event it is determined that the National Union Auto Policy coverage affords primary auto liability insurance for the Rescue Squad's non-owned autos in connection with the Underlying Action to the extent that the JIF Auto Policy is not deemed other available insurance;

d. Declaring and adjudging that the National Union Excess Policy is a true excess policy that only affords insurance for non-owned autos that are borrowed by the Rescue Squad in the event of exhaustion of the limits of liability afforded under the JIF Auto Policy and the National Union Auto Policy;

e. Awarding reimbursement to National Union for all fees and costs incurred in connection with the defense of the Rescue Squad;

f. Awarding attorneys' fees and costs of suit, to the extent permitted by law; and

g. For such other relief as the Court deems just and proper.

Dated: Florham Park, New Jersey
February 16, 2024

SAIBER LLC
Attorneys for Plaintiff
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.,

L.C. Wood

LISA C. WOOD



GREGORY DENNISON
18 Columbia Turnpike
Florham Park, New Jersey 07932
(973) 622-3333
lwood@saiber.com
gdennison@saiber.com